Mhm. There'll be a lot of sure. Sea quite case. Please case number 3 15 0 0 1 6 people of the state of Illinois at the lead by Mark Bosco versus Leon Franklin by Byron. I'm sorry, Brian. Can you proceed? Morning, Your Honors Council. Please support. My name is Brian Reno. I'm with the Office of the State Appellate Defender, representing the appellant, Mr Franklin. We raised three issues in the opening brief, but today I plan to focus on the first argument that trial counsel is ineffective for failing to utilize available evidence to relevant to the jury's determination of the credibility of the witnesses. Your Honors, the outcome of this case is based exclusively on the jury's determination of the credibility of the state's witnesses, Sonia Johnson, Adrian Brown, and the complainant, SR. However, the jury was never given an opportunity to return a reliable verdict because defense counsel left it to deliberate in the dark about the only issue before the jury. Even though counsel's theory of the case was that the state's witnesses were liars, she never told police about an alleged statement by Mr. Franklin that the state treated as an admission, and also evidence that Johnson had a motive to give that testimony about Mr. Franklin's statement. Additionally, counsel failed to introduce, substantively introduce, prior inconsistent statement testimony from each of the three occurrence witnesses for the state. Counsel's omissions were inconsistent with the defense theory, and they didn't benefit Franklin at all. What's worse is that counsel recognized the evidentiary value of the evidence she omitted. During closing arguments, counsel relied on some of the inconsistent testimony that she failed to introduce in an effort to convince the jury that the state's witnesses were liars. Counsel's reliance on that evidence in closing shows that her omission wasn't strategic. Additionally, counsel, even during post-trial Franklin inquiry, referenced the inconsistent testimony, saying she didn't interview certain other witnesses because she had prior inconsistent statement evidence, and it doesn't get better than that for impeachment. Counsel's failure to introduce this evidence was extremely prejudicial because this evidence could have made a difference. This jury acquitted Mr. Franklin on count one, which was an allegation of an incident that occurred in December of 2007, and on count one, the only evidence was Mr. Franklin's testimony and the complainant's testimony. So in acquitting Mr. Franklin on count one, the jury indicated that some doubt as to SR's version of events and that Mr. Franklin's version of events was no less believable. The only additional evidence for count two was the testimony of Sonny Johnson and Adrienne Brown, the other occurrence witnesses that the state presented to corroborate SR's version of events. Had the jury known that those witnesses changed their testimony on all of the points on the weak parts of the state's case between the first trial and the second trial, it would have viewed that testimony differently. Moreover, some of the excluded evidence corroborated Mr. Franklin's version of events. Your Honors, because counsel omitted this testimony, the jury's verdict is not reliable and a new trial is needed. Thank you, Your Honors. Counsel. May it please the Court. Counsel. The defendant asserts that his trial counsel was ineffective and he claims that his trial counsel failed to use prior and consistent statements to challenge the aspect of the crankle hearing that was held below in which the trial judge found that the trial counsel was not ineffective. The defendant states that Sonny Johnson testified at the first trial that SR had no reason to be in Johnson's bedroom and this is in his brief, not in the current argument, of course. But in our brief, we pointed out that Johnson gave conflicting testimony about asking SR to clean her room. And what is material in this case is that both Adrienne Brown and Sonny Johnson testified consistently that on February 23rd, 2008, they saw SR exit Johnson's bedroom. They then found the defendant in the bedroom with his pants down around his ankles and his underwear at mid-thigh. SR testified consistently at both trials that on February 23rd, she was in Sonny's bedroom, or that's Johnson's bedroom rather. The defendant entered, he pulled down his pants and underwear. The defendant had intercourse with SR when he knew that she was a minor. The defense counsel did not elicit testimony that Johnson did not tell Officer Adams that defendants said to her. I don't know, it just happened. The counsel's failure to elicit that Johnson did not inform the officer of defendant's statement did not have any impact on the verdict at all. Officer Adams testified that SR told him that only the defendant had laid on top of her. So she did not say to the officer that the defendant had sex with her. In cross-examination of Johnson, defense counsel elicited that Johnson waited one and a half hours before trying to call SR's father and she later called the police. The people elicited on direct exam that Johnson was a nurse. And on cross-examination, defense counsel elicited that Johnson directed SR to take a defense counsel argued in closing that for a variety of reasons, neither Johnson, Brown, nor SR were credible. As we noted in our brief, the defendant's vague statement that it just happened was not an admission to having sex with SR and SR did not tell the officer that the defendant had penetrated her. In his reply brief, the defendant asserts that the prosecutor claimed in closing argument that the defendant's statement was an admission to having sex with SR. And the defendant is incorrect in that statement in his reply brief. And the people have carefully reviewed the prosecutor's closing and rebuttal arguments and we've run electronic searches and such. And the prosecutor did not argue that the defendant admitted to having sex with SR. And in his reply brief, the defendant specifically cites record pages 1243 through 44. And on those pages, the prosecutor merely repeated Johnson's testimony, but the prosecutor did not argue that the defendant admitted to having sex with SR. The prosecutor repeatedly stated that the defendant, quote, got caught with his pants down. In his reply brief, the defendant claims that the people argued in the defendant's first appeal that the defendant's statement was a wholly damaging admission. In the prior appeal, which is case number 310-0618, on page 14 of the people's brief, we see that Johnson asked how the defendant, how he could do this. He said he did not know. It just happened and he did not mean it for it to happen. It was a wholly damaging admission. The prosecutor was merely arguing that indeed the evidence was uncontradicted. Certainly a witness could be effectively contradicted by cross-examination, although that did not occur here. Nothing the prosecutor said remotely implied the defendant had to contradict the people's evidence by producing evidence from another source, end quote. Thus, consistent with our argument in this appeal, the people did not previously argue that the defendant admitted to having sex with SR. And contrary to the defendant's claim, in his reply brief, the people did not assert a new theory regarding the position we had previously taken. In his reply brief, Johnson, the defendant claims that Johnson first mentioned the defendant's statement that it just happened after her warrant was quashed. The defendant does not tell us what Johnson had to gain and nothing in her brief record supports that assertion. The defendant fails to note that at the first trial, Johnson admitted to speaking with the prosecutor about having a warrant quashed and she said the warrant was quashed. But Johnson then testified that the prosecutor did not offer to have the warrant quashed in return for her testimony. And in redirect examination, Johnson stated that the prosecutor told her that she needed to testify truthfully. And second trial, the defendant testified that he never had sex with SR and he denied that his pants were down when Brown and Johnson entered the room. The jury clearly did not believe the defendant's testimony in this case. Your Honors, if you have no other questions, I'm going to stand on the brief for all of their argument and ask you to stand up. Thank you, Your Honors. Your Honors, the state attempts to kind of diminish the importance of these inconsistencies when in fact they're quite critical. Just to review them quickly is that Ms. Johnson testified at the first trial that SR had no reason to be in her bedroom. And that testimony at the first trial is contradicted by SR's own testimony that Johnson told her to go and clean her bedroom. So at the second trial, Johnson reconciled her testimony with SR's, making it appear to the jury there was no, that they had the same version of events. That's, they didn't. And that's critical to know because as previously discussed, Johnson and Brown's credibility was the sole issue basically for the jury. Ms. Johnson also testified at the first trial that she didn't call police for hours until after she had spoken to SR's father. While at the second trial, she said that she called police within 30 minutes to an hour, making this appear as she had viewed the incident differently than it came across at the first trial. SR changed her testimony about the nature of the incident. And in the briefs, the prosecution kind of focused on that to make it sound like it was an uncharged offense, an uncharged sexual assault, which was not the charged offense. The state doesn't cite any case, Your Honor. The state has no case saying that it is not prejudicial to omit substantive evidence of prior consistent testimony. Nothing. And states claim that it didn't treat this as an admission. The state argued on the prior appeal that this was, quote, a wholly damaging admission. And Your Honors do have access to the record. And you can see that the state did mention that, did argue that Ms. Johnson testified that Mr. Franklin made a statement indicating that he committed misconduct. So that was strong evidence that the defense could have called into question but didn't for no apparent reason. And in fact, the record shows that it seemed like the defense intended to call this into question, but just for some reason didn't do it. There are no further questions, Your Honor. I'd ask to remand the case for a new trial, as this verdict is not a reliable verdict. Thank you. Thank you, Counsel. Thank you for your arguments, both of you. And we'll take this case under advisement and take a break now for a panel change. Thank you.